UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

BARBARA MARTIG,                              )
                                             )
                        Plaintiff,           )
                                             )
            v.                               )        No. 1:20-cv-00901-JPH-DLP
                                             )
USAA CASUALTY INSURANCE                      )
COMPANY,                                     )
USAA GENERAL INDEMNITY COMPANY,              )
                                             )
                        Defendants.          )

**ORDER ON JURISDICTION**

Defendants, USAA Casualty Insurance Company ("USAA CIC") and USAA

General Indemnity Company ("USAA GIC"), filed a notice of removal alleging

that this Court has diversity jurisdiction over this matter. Dkt. 1. USAA CIC

and USAA GIC allege they are Texas corporations. Dkt. 1. USAA CIC and

USAA GIC state that they are wholly owned subsidiaries of United Services

Automobile Association, which is an unincorporated association with its

principal place of business in Texas. Dkt. 1.

For the Court to have diversity jurisdiction, the amount in controversy

must exceed $75,000, exclusive of interest and costs, and the litigation must

be between citizens of different states. 28 U.S.C. § 1332(a). When determining

diversity jurisdiction, a corporation is considered a citizen of the state of its

incorporation and the state where it has its principal place of business. 28

U.S.C. § 1332(c)(1). An unincorporated business is a citizen of the state where

its owners, partners, or other principals are located. *Meyerson v. Harrah's East*

*Chicago Casino*, 266 F.3d 616, 617 (7th Cir. 2002). "When dealing with related corporations, such as parent and subsidiary, the principal place of business test must be applied to the entity that is the relevant party, without confusing the principal places of business of the distinct entities (unless a party shows that one is merely the alter ego of another)." *Bond v. Veolia Water Indianapolis*, LLC, 571 F. Supp. 2d 905, 913 (S.D. Ind. 2008).

Here, the notice of removal fails to adequately identify the principal places of business of USAA CIC and USAA GIC. Counsel has an obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has the responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court's obligation includes knowing the details of the underlying jurisdictional allegations. *See Evergreen Square of Cudahy v. Wis. Hous. and Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[F]ederal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

Therefore, Defendants **SHALL FILE** a jurisdictional statement by **April 3, 2020**, informing the Court (1) which Defendant corporation(s) are relevant to the jurisdictional determination; (2) the principal place of business of such corporation(s); and (3) the state of incorporation of such corporation(s). *See* S.D. Ind. L.R. 81-1(b). Plaintiff shall comply with Local Rule 81-1(b) **within thirty days** after Defendants file their jurisdictional statement.

**SO ORDERED.**

Date: 3/24/2020

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

2

Distribution:

Ian P. Goodman
PAGANELLI LAW GROUP
ian@paganelligroup.com

Robert D. King, Jr.
LAW OFFICE OF ROBERT D. KING, JR, P.C.
rking@robertkinglaw.com

Anna Muehling Mallon
PAGANELLI LAW GROUP
amallon@paganelligroup.com